# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NORMAN MILLER et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MOORE STEPHENS WURTH FRAZER & TORBETT, LLP et al., <br><br> Defendants. | 3:15-cv-00400-RCJ-VPC <br><br> **ORDER** |

Pending before the Court are a Motion to Remand (ECF No.10) and a Motion to Dismiss (ECF No. 2 ). For the reasons given herein, the Court denies the motion to remand and grants the motion to dismiss.

## I.     FACTS AND PROCEDURAL HISTORY

This suit began as a shareholder derivative suit on behalf of RINO International Corp. ("RINO"). The suit was first filed in state court in 2010. Plaintiffs have settled with the director/officer Defendants. The Third Amended Complaint ("TAC") contains direct claims for professional negligence and breach of contract, and a derivative claim for aiding and abetting breaches of fiduciary duties against RINO's former auditors Defendants Moore Stephens Wurth Frazer & Torbet, LLP and Frazer Frost, LLP. The first two claims are direct and not derivative because RINO has assigned those claims to Plaintiffs. Plaintiffs allege that Defendants breached

their contracts with RINO, were professionally negligent, and aided and abetted the director/officer Defendants' breaches of fiduciary duties.  In other words, Defendants' failure to conduct proper audits and to correct known deficiencies in various SEC filings permitted the director/officer Defendants to loot the company.  Defendants removed the TAC.  Plaintiffs have moved to remand, and Defendants have asked the Court to dismiss the third claim and remand the remaining claims.

## II. DISCUSSION

Because the Court is of limited jurisdiction and the motion to remand challenges the Court's jurisdiction over the subject matter, the Court addresses that motion first.  Defendants removed the case from state court under 28 U.S.C. § 1441(a), alleging that the Court has federal question jurisdiction under § 1331 because the TAC implicates the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p, 78bb.  There is no removal jurisdiction under §§ 1441(a) and 1331, but there may be removal jurisdiction under 15 U.S.C. § 78bb(f)(2) directly.  The Supreme Court has noted that SLUSA "'does not itself displace state law with federal law but makes some state-law claims nonactionable through the class action device in federal as well as state court.'  In other words, SLUSA does not provide a federal rule of decision in lieu of a state one, but instead provides a federal defense precluding certain state law actions from going forward." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1220 (9th Cir. 2009) (quoting *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 n.1 (2006)).  Although SLUSA does not provide for complete preemption jurisdiction via §§ 1441(a) and 1331, it directly provides for removal jurisdiction. *Id.* at 1220 & n.10 ("Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court. . . ." (quoting 15 U.S.C. § 78bb(f)(2))).

The parties dispute whether the third claim "involv[es] a covered security, as set forth in paragraph (1) . . . ." That subsection reads:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1). Defendants correctly note that the Supreme Court has ruled that for the purposes of SLUSA, there is no distinction between stockholders complaining that they purchased or sold their stock based on deception and stockholders complaining that they now hold (or delayed selling) their stock based on deception. *See Merrill Lynch, Pierce, Fenner & Smith v. Dabit*, 547 U.S. 71, 88–89 (2006). It may be that the harm alleged here is not the loss of the value of stock to any stock-buyer, -seller, or -holder, but the loss of the company's assets directly. But the prayer for relief belies that notion, at least as to the third claim. The prayer for relief asks the Court, *inter alia*, to certify the third claim "as a class action claim on behalf of all Rino shareholders who held Rino stock after the date of the delisting of the Company's shares . . . ." That makes clear that Plaintiffs base the third claim on the loss of value of their stock. And that means both that the case is removable, *see* 15 U.S.C. § 78bb(f)(2), and that the third claim must be dismissed, *see id.* at § 78bb(f)(1). The Court will remand the remaining claims as Defendants request, because they do not appear to seek damages based on the loss of any stock value to any party but only direct damage to RINO as a company, which is a different measure of harm. The Court states no opinion as to the merits of the remaining claims, and their adjudication remains totally with the state courts.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No 10) is DENIED, and the Motion to Dismiss (ECF No. 2 ) is GRANTED.  The third cause of action is DISMISSED, and the remainder of the case is REMANDED to the First Judicial District Court of Carson City, Nevada.

IT IS FURTHER ORDERED that the Clerk shall enter judgment on the third claim and close the case.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge